UNITED STATES OF AMERICA, Plaintiff

v.

THE WEST INDIAN COMPANY, LIMITED, Defendants

Civil No. 337-1968

District Court of the Virgin Islands

Div. of St. Thomas and St. John

February 29, 1972

**YOUNG,** *Judge*

## MEMORANDUM OPINION

The defendant, WEST INDIAN COMPANY, LTD. (herein "Company"), has moved for an order pursuant to Rule 37(a) compelling plaintiff, the United States of America (herein "Government"), to give complete and direct answers to Company's Interrogatories Nos. 3–14, inclusive, and to supplement its answers to Interrogatories 1 and 2.

The thrust of the interrogatories is to determine whether Government or the Government of the Virgin Islands of the United States (not a party hereto) had ever told Company that the Company's concession from the Government of Denmark was or would be terminated, ever gave notice or demand upon Company to complete the balance of the Concession area, or ever asserted title to the filled land within the Concession area.

Company asserts, in its brief in support of its motion that Government has evaded its obligations to give straightforward answers, but instead, in answering Interrogatories 3–14, has asserted lack of knowledge without, in any satisfactory manner, explaining its efforts, if any, to obtain the information requested. One particular area in dispute is the Government's position that it does not have the files and documents of the Government of the

Virgin Islands available to it and therefore is unable to answer those portions of the Interrogatories pertaining to the said Government of the Virgin Islands.

Company argues that Government has the right to possess the files and documents of the Virgin Islands Government and must do so in order to answer the interrogatories. In support of this argument, Company cites the right of the Comptroller of the Virgin Islands (an employee of the Department of Interior) pursuant to Sec. 1599(k) of Title 48 U.S.C. to

"have access to and the right to examine any books, documents, papers or records of any such department, agency or establishment." (referring to the departments, agencies or establishments of the Government of the Virgin Islands.)

■ I do not agree that the Comptroller has an unfettered right of access. Such access rights are limited to the Comptroller's functions and duties pertaining to auditing the fiscal activities of the Virgin Islands Government. Subsections (b), (c) and (d) of Section 1599 define the duties of the Comptroller. The Comptroller has no duty or right to investigate, examine or review the files and documents of the Virgin Islands Government in any matter not involving Virgin Islands Government's fiscal and economic programs and its disbursements and revenues. The action sub judice is a suit by Government to quiet title to certain real property located in St. Thomas. It is not a matter pertaining to the auditing functions of the Comptroller.

Company further argues that at the time of the commencement of the Government's action to quiet title, the Government, through the Secretary of Interior's supervisory control over the Governor of the Virgin Islands, had access to all files of the Virgin Islands Government and should not have allowed the Virgin Islands Government files and documents pertinent to this litigation to go out of its control. It is therefore urged that Company

is entitled to be protected against the consequences of the United States' "wrongful actions."

■ I find little, if any, merit to that argument. Company did not serve its written interrogatories upon Government until April 30, 1971, a period of almost two years after the filing of this action and after the Secretary of the Interior lost supervision over the Governor of the Virgin Islands upon the enactment of the Act of August 23, 1968, 82 Stat. 837, which provided for the popular election of the Governor. Accordingly, I find that the Government is not in a position, through either the Secretary of the Interior or the Comptroller of the Virgin Islands, to demand production of the Virgin Islands Government's files and documents pertaining to this matter.

Further, I take notice of the fact that Company did not join with the other defendants herein in their motion for Necessary Joinder of the Virgin Islands Government pursuant to Rule 19. The said motion was denied by this Court on September 16, 1970, for the reason that the said movants failed to file briefs, as requested by the Court, in support of the motion.

I conclude that Government has reasonably responded to Company's interrogatories and an order will be entered denying Company's motion.